IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY A. BARNETT,

          Plaintiff,

          v.

E:SPACE LABS LLC., at al,

          Defendants.

Case. No. 6:18-cv-00419-MC

OPINION AND ORDER

MCSHANE, Judge:

Defendant E:Space Labs, LLC moves to dismiss Plaintiff's complaint pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim. Plaintiff Ms. Barnett, proceeding *pro se*, alleges

fourteen claims based on (1) an alleged theft of Plaintiff's computers and portable devices by an

unknown person or persons not party to this suit, and (2) an alleged attempt to illicitly learn

Plaintiff's trade secrets by one of the individually named defendants. Because the amended

complaint fails to state a claim upon which relief may be granted, this Court GRANTS the

defendants' motions to dismiss.

1 – OPINION AND ORDER

# BACKGROUND

## A. Parties

E:Space Labs is a membership-based technology incubator dedicated to the advancement of the high tech electronic hardware device industry in Central Oregon. Compl. ¶ 5. To use their facilities, companies or individuals may contract directly with E:Space Labs, or apply to become an E:Space member. In addition, the Company has offered classes and workshops in the past as part of their goal to facilitate development of the electronic hardware industry. *Id*.; Def.'s Mot. 2-3, ECF No. 13.

E:Space Lab's physical offices and facilities are located within a business complex known as "The Bridge" in Bend, Oregon. Compl. ¶ 5. E:Space Labs does not own The Bridge, but is one of several tenants. *Id*. ¶¶ 32, 36, 37 and 42. E:Space Labs leases office space over which they have exclusive access and control. Additionally, The Bridge also provides common spaces, such as a lounge and conference rooms, that are accessible to all tenants in the building. Compl. at pg. 15 (Section "IV. Relief," ¶ 3).

The plaintiff, Ms. Barnett, had been permitted to utilize E:Space Labs facilities for about three year until E:Space Labs revoked her access in December of 2017. Compl. ¶¶ 30, 35. E:Space Labs revoked Plaintiff's access after receiving complaints from other tenants of The Bridge that Plaintiff was making them feel uncomfortable and unsafe, and had been carrying a weapon on the premises. *Id*. ¶¶ 39, 57.

In January 2018, Plaintiff filed a complaint with Oregon's Bureau of Labor and Industries (BOLI). BOLI dismissed the complaint on March 1, 2018, citing lack of evidence. This lawsuit subsequent ensued.

## B. Complaint

Plaintiff's *pro se* complaint generally brings five types of claims: (1) negligence claims; (2) public accommodation claims; (3) misappropriation claims; (4) defamation claims; and finally (5) miscellaneous claims. These claims contain several causes of action located throughout the complaint:

| Type of claim | Purported Causes of Action (used in Plaintiff's Complaint) | Location in Complaint |
|---|---|---|
| The "**Negligence Claims**" | Theft by Negligence | Page 4 |
| | Failure to Defend Trade Secrets | Page 4 |
| The "**Public Accommodation Claims**" | Public Accommodation | Page 8 |
| | Civil Rights | Page 8 |
| | Unequal Treatment | Page 12 |
| | Discrimination | Page 12 |
| The "**Misappropriation Claims**" | Misappropriation of Trade Secrets | Page 4 |
| | Failure to Defend Trade Secrets[2] | Page 4 |
| The "**Defamation Claim**" | Defamation | Page 12 |
| The "**Miscellaneous Claims**" | Conspiracy | Page 4 |
| | US Constitution First Amendment | Page 8 |
| | Oregon Constitution "free expression" | Page 8 (see also ¶46) |
| | Oregon Constitution "victims' rights" | Page 8 (see also ¶46) |
| | Retaliation | Page 8 |

Factually, the complaint alleges that on March 10, 2016, Plaintiff brought into E:Space Labs her two laptops and other portable drives for back-up and system upgrades. Compl. ¶ 10. The next day, at the request of Defendant David Robson, Plaintiff moved her computers and portable drives to a conference room that is one of The Bridge's common spaces. *Id*. ¶ 11. Plaintiff left the computers and portable devices in the conference room overnight unattended. *Id*. ¶ 12. The following morning, she discovered "a physical loss of her computers, back-up drives, written patent drafts and handwritten continuation patent claim set." *Id*. ¶ 15. The computers contained data from clinical trials, survivability case studies and animal care and use

records along with personal records. *Id*. Plaintiff contacted the Bend Police Department who arrived and conducted an investigation. *Id*.

21 months later, on December 13, 2017, Plaintiff obtained a stalking order against another E:Space Labs member, defendant Joshua Hill. Plaintiff accuses Mr. Hill of attempting to illicitly learn Plaintiff's trade secrets from September 2017 through December 11, 2017, and that Mr. Hill had been "caught trespassing, invading personal space, stealing farm equipment for joy rides causing nuisance and damage, harrying research animals leading to injury to the Plaintiff and searching the Plaintiff's premise on more than one occasion." Compl. ¶ 17.

On December 14, 2017 Plaintiff presented a copy of the stalking order to defendant David Robson, a manager of E:Space Labs. Compl. ¶ 26. Three days later, on December 17, Mr. Robson emailed Ms. Barnett asking her to turn in her building key. *Id*. 30. On December 19, Plaintiff received notification that she was not to enter The Bridge, to include the parking lot and all businesses located in the complex. *Id*. ¶¶ 34-35. During this time, defendant Mr. Hill continued to have unrestricted access to the E:Space Labs' facilities. *Id*. ¶ 56.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v.*

*Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not

bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at

555. If the complaint is dismissed, leave to amend should be granted unless the court

"determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v.*

*United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### A. Negligence claims

The stated allegations of negligence rely on a theory that defendants had a duty of care

towards the plaintiff for which they breached. *See* Compl. ¶¶ 6, 19; "IV. Relief" ¶ 3. Where a

plaintiff purports to identify a legally cognizable duty, that duty must be the standard for the

specific tort alleged. *Collier v. Bidleman*, 98 Or. App. 556, 559-60 (1989). In addition, there

must be a recognized relationship between the parties which imposes a duty upon the defendant

to prevent the harm allegedly suffered by the plaintiff. *See, e.g. Nofziger v. Kentucky Cent. Life*

*Ins. Co.*, 91 Or. App. 633, 640 (1988) (contract and agency relationship with insurance agent did

not impose duty on agent to procure life insurance coverage for deceased person). Whether a

plaintiff has alleged a specific duty based on the relationship or status of the parties is a question

of law for this Court. *SFG Income Fund, L.P. v. May*, 189 Or. App. 269, 275 (2003).

Here, Plaintiff cites ORS 63.155(1)(3) as the statutory authority that creates a fiduciary

duty owed her by defendants. Compl. pg. 3 ("basis for jurisdiction"). However, this statute does

not apply to the type of relationship allegedly enjoyed between Ms. Barnett and the defendants.

Rather, ORS 63.001 *et seq.* concerns the relationship between members and managers in a

limited liability corporation with multiple owners. Because the Plaintiff does not allege to be or

to have been an owner of E:Space Labs, subject to ORS 63.155(1)(3), this statue does not establish a duty of care between Plaintiff and the defendants.

Plaintiff also alleges that E:Space Labs "has a heightened duty of care as intellectual property and trade secrets are routinely confidentially disclosed and worked on by members of ESpace Labs." Compl. ¶ 6. The sharing of intellectual property alone does not impose a duty on a defendant. There is, in general, no common law duty to protect the confidential information of others. *See, e.g. USAA Fed. Savings Bank v. PLS Fin. Serv., Inc.*, 260 F. Supp. 3d 965, 969-70 (N.D. Ill. 2017), *see also Loosli v. City of Salem*, 345 Or. 303, 312 n. 9 (2008) (Where a defendant allegedly provides information gratuitously, it owes no duty to exercise reasonable care in providing that information.) Because the sharing of confidential information does not impose a duty, Plaintiff has not alleged a legally cognizable duty to protect any confidential information.

Here, the nature of the parties' relationship is found in Ms. Barnett's permitted access and use of E:Space Labs' facilities, and the subsequent revocation of that permission. Compl. ¶¶ 30 35. Because that kind of relationship does not create the kind of legally cognizable duty necessary for sustaining the negligence claims, those claims are dismissed.

## B. Misappropriation claims

Misappropriation of trade secrets is a violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. To constitute a trade secret, there must be some form of proprietary information with the owner having taken reasonable measures to keep such information secret. *Id.*

Here the complaint does not allege that the defendants stole or misappropriated trade secrets. The first allegation is that Plaintiff left her computers and portable devices overnight in a

conference room not under Defendants' control and that those computers and devices were stolen from some unknown person or persons. The second allegation is that Joshua Hill *attempted* to illicitly learn Plaintiff's trade secrets. There is no allegation that Mr. Hill acted on behalf of E:Space Labs or other individually-named defendants. Because there is no allegation that defendants actually misappropriated trade secrets, those allegations fail to state a claim under Fed. R. Civ. P. 12(b).

Additionally, while the complaint imputes responsibility for the theft of the computers and portable devices onto the named defendants, no such legal duty exists. The Defend Trade Secrets Act of 2016 does not create a duty for third-parties to defend or protect trade secrets. Because a person cannot be held liable for the allegedly misappropriation of trade secrets by another, the misappropriation claims fail as a matter of law.

## C. Public Accommodation claims

Oregon law prohibits discrimination on the basis of race, color, religion, sex, sexual orientation, national origin, marital status, or age in "places of public accommodation." ORS § 659A.403. Public accommodation is defined as "any place or service offering to the public accommodations, advantages, facilities, or privileges whether in the nature of goods, services, lodgings, amusements, transportation, or otherwise" if they are owned by non-public entities. ORS § 659A.400(1)(a).

To determine whether a place is in the nature of a public accommodation, Oregon courts apply a two-step inquiry. *Vejo v. Portland Public Schools*, 204 F. Supp. 3d 1149, 1167 (2016). The courts first ask whether the entity is a business or commercial enterprise, and secondly, if so, whether the entity's "membership policies are so unselective that the organization can fairly be

said to offer its services to the public." *Lahmann v. Grand Aerie of Fraternal Order of Eagles*, 202 Or. App. 123, 127 (2005).

Defendants concede as to the first question. E:Space Labs is a business or commercial enterprise, because it sells its services and use of its facilities to businesses and members. The second question, however, is answered in the negative; it cannot be said that E:Space Lab's membership policies are so unselective, or unrestrictive, that the organization can be said to offer its services to the "public." *Parsons v. Henry*, 65 Or. App. 627, 633 (1983) (A custom home builder, who contracts after a bid process or negotiation, who does not advertise his services to the general public, cannot be said to have "offered his services to the public.")

On the face of the complaint, E:Space Labs' membership is restricted and the facilities are not open to the public. E:Space Labs is a "membership-based technology incubator." Compl. ¶ 5. Members are issued keys to access the facilities. Compl. ¶ 30. E:Space Labs grants permission to use its facilities on a selective basis, and has exercised its discretion to revoke permission. Because E:Space Labs is not a "place of public accommodation," a claim under that theory cannot be sustained.

### D. Defamation claim

The elements of a defamation claim in Oregon are (1) the making of a defamatory and false statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se*. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Starplex Corp.*, 220 Or. App. 560, 584 (2008). Here, the complaint fails to allege that a false statement was made. *Schliske v. Albany Police Dep't*, 617 F. Supp. 2d 1106, 1114 (D. Or. 2009) (To be actionable, a statement must be both defamatory and false.) Additionally, statements made by defendants to the Plaintiff are not actionable. *See Wallulis v. Dymowski*, 323 Or. 337, 343 (1996)

(To be published, a defamatory statement must have been heard or read by someone other than the person who uttered the defamation or the person being defamed.) The defamation claim is dismissed.

### E. Miscellaneous claims

The remaining miscellaneous claims are comprised of the following: (1) conspiracy; (2) U.S. Constitution First Amendment; (3) Oregon Constitution "free expression"; (4) Oregon Constitution "victims' right"; and (5) retaliation.

On a claim for conspiracy, the complaint references ORS 161.085 and 161.450 (Compl. pg. 3) which are part of Oregon's criminal code. Because conspiracy is a criminal charge, there is no private right of action.

The First Amendment of the U.S. Constitution and Section 8 of the Bill of Rights in the Oregon Constitution protect freedom of speech from government action, not from the action of private actors. Because defendants are not government actors, there is no claim for relief under these constitutional provisions.

The Oregon Constitution provides for "victims' right" during criminal prosecution, not civil litigation. *See* Oregon Constitution, Art. I, Sec. 42, "Rights of victims in criminal prosecutions and juvenile court delinquency proceedings," and also, Article I. Sec. 43 "Rights of victim and public to protection from accused person during criminal proceedings; denial of pretrial release." This legal theory of claim does not apply in this case.

The complaint does not provide a legal source for a retaliation claim. Plaintiff was not a member of a protected group of people, such as an employee.

### F. Plaintiff's Response to the motion to dismiss

Plaintiff filed a fifty-nine page Response to Defendants' Motion to Dismiss. Memoranda filed with this Court may not exceed 11,000 words or thirty-five pages. L.R. 7-2(b). Plaintiff, operating *pro se*, was unaware of the word and page limit, and subsequently filed a Motion for Leave to exceed page limits (ECF No. 21). The legal issues and facts in the case are straight-forward so as to not necessitate the extra briefing. Good reason has not been shown why the extra pages are necessary. Nonetheless, the Court has read and considered Plaintiff's entire response.

Plaintiff's Response asserts facts and allegations that are not found in her Amended Complaint. Defendants rightly ask that this Court disregard the extraneous facts and allegations found in the Response. On a Rule 12(b)(6) motion to dismiss, the scope of review is generally limited to the allegations in the complaint. *See City of Portland v. HomeAway.com, Inc.*, 240 F. Supp. 3d 1099, 1111 (D. Or. 2017). The extraneous facts and allegations in Plaintiff's Response are not persuasive, and in either course, the Court will not consider allegations outside the amended complaint.

## CONCLUSION

Plaintiff's Motion for leave to exceed page limits (ECF No. 21) is GRANTED. Because Plaintiff fails to state claims upon which relief may be granted, Defendant's Motion to dismiss (ECF No. 13) is GRANTED. Because the legal deficiencies of the claims cannot be cured through amending the complaint, case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 10th day of July, 2018.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge